IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RELIASTAR LIFE INSURANCE COMPANY               PLAINTIFF/
                                               COUNTER-
                                               DEFENDANT

v.                No. 4:23-cv-1053-DPM

CONNIE ROBINSON                                DEFENDANT/
                                               CROSS-DEFENDANT

v.

AMANDA ROBINSON                                DEFENDANT/
                                               CROSS-CLAIMANT/
                                               COUNTER-
                                               CLAIMANT

v.

REBECCA L. ROBINSON; NATHAN
ROBINSON; WILLIAM R. ROBINSON;
CYNTHIA L. WIRZFIELD; and ALVIN
E. HOLTZ                                       DEFENDANTS

ORDER

Mark Robinson bought a $250,000 life insurance policy from ReliaStar Life Insurance Company in October 2011. His daughter, Amanda Robinson, was the primary beneficiary. There were no contingent beneficiaries. More than a decade later, in February 2022, Mr. Robinson executed a will that left "all insurance policies" to his

wife, Connie Robinson. *Doc. 1 at 3*. Later that year, he amended his will by codicil and divvied up the life insurance proceeds seven ways.

- Connie Robinson ................................$150,000
- Amanda Robinson.............................$25,000
- Rebecca Robinson (daughter)...........$25,000
- Nathan Robinson (son).....................$25,000
- William Robinson (brother)..............$10,000
- Cynthia Wirzfield (ex-wife)..............$7,500
- Alvin Holtz (associate) .....................$7,500

*Doc. 1 at 3-4.*

Mr. Robinson died in June 2023. In due course, his widow Connie called ReliaStar to dispute the policy's beneficiary designation. His daughter Amanda claimed the proceeds around the same time. Both women involved their lawyers. Their lawyers sent demand letters to ReliaStar. And, eventually, ReliaStar filed this lawsuit to interplead the proceeds.

The defendants here are the seven people Mr. Robinson listed in his codicil. All have been served. Only two (Connie and Amanda) have answered. ReliaStar now seeks default judgment discharging it of any claim-related liability to the five defendants who haven't answered: Rebecca, Nathan, William, Cynthia, and Alvin.

\*

This Court has subject matter jurisdiction. ReliaStar did not pursue a statutory interpleader, which would require depositing the contested policy proceeds into the Court's registry or providing an

approved bond. 28 U.S.C. § 1335. But, the diversity statute is satisfied. ReliaStar is a citizen of Minnesota; the defendants are citizens of Arkansas and Oklahoma; and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. And because ReliaStar is a disinterested stakeholder faced with competing claims to the proceeds, it has met the interpleader requirements under Federal Rule of Civil Procedure 22. *Underwriters at Lloyd's v. Nichols*, 363 F.2d 357, 364-65 (8th Cir. 1966). The Rule requires no deposit. *Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287, 1291 (8th Cir. 1980).

\*

ReliaStar's motions for default judgment, *Doc. 31, 33, 35, 37, & 39*, are granted as modified. There was good service on these five defendants. *Doc. 5, 6, 7, 8, & 14*. Their answers or responding motions were due more than a year ago. They have neither appeared nor asserted claims to the policy proceeds. And the Clerk has entered defaults. *Doc. 30*. Rebecca, Nathan, William, Cynthia, and Alvin have therefore "forfeit[ed] any claim of entitlement that might have been asserted." *Cincinnati Insurance Co., Inc. v. Dievernich*, 2022 WL 4554847, at \*5 (E.D. Ark. 28 Sept. 2022) (quotations omitted). No hearing is needed on the declaratory relief sought. Fed. R. Civ. P. 55(b)(2).

The modification. While ReliaStar is entitled to Judgment against the five defaulting defendants, the Court will withhold entry of Judgment. It is preferable to have one case-ending event.

The Court would appreciate a joint status report from Connie and Amanda. Their dispute seems straightforward. Do they anticipate experts? What is the status of discovery? Are motions planned? Can they be ready for the bench trial sooner than June of 2026? How many six-hour trial days are needed? Joint status report due by 28 February 2025.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 February 2025