## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| **RELIASTAR LIFE INSURANCE COMPANY** | **PLAINTIFF/COUNTER DEFENDANT** |
| **v.** | **No. 4:23-cv-1053-DPM** |
| **CONNIE ROBINSON** | **DEFENDANT/CROSS DEFENDANT** |
| **v.** | |
| **AMANDA ROBINSON** | **DEFENDANT/CROSS CLAIMANT/COUNTER CLAIMANT** |
| **v.** | |
| **REBECCA L. ROBINSON; NATHAN ROBINSON; WILLIAM R. ROBINSON; CYNTHIA L. WIRZFIELD; and ALVIN E. HOLTZ** | **DEFENDANTS** |

### ORDER

This is a dispute about who is the designated beneficiary of Mark Robinson's life insurance policy. Mark bought a $250,000 policy in 2011 from ReliaStar. When he applied, he designated his daughter Amanda as the sole beneficiary. The policy provided a method for changing the beneficiary. "Your Beneficiary designation will be on file with us. Until the Insured's death, you may name a new Beneficiary by sending us notice." *Doc. 1 at 27.* About a decade after he got his

insurance policy, Mark executed a typed will and (a few months later) two hand-written codicils. In his second codicil, Mark wrote that, if he still had life insurance at his death, he wanted his then-wife, Connie, to get $150,000, Amanda and her two siblings to get $25,000 each, and three other individuals to share the last $25,000 of benefits. *Doc. 1 at 50.* Mark never sent ReliaStar a notice that he wanted to change the beneficiary. Relying on Mark's original designation, and two Arkansas statutes* about changing life insurance beneficiaries, Amanda claims all the policy proceeds. Connie seeks $150,000 of those proceeds, relying on Mark's second codicil and Arkansas common law that predated these statutes. Under that law, a testator could make changes in the beneficiaries of his life insurance as long as the policy and the individuals were sufficiently identified. *E.g., Whisenant v. McKamie,* 2018 Ark. App. 87, at 6, 543 S.W.3d 528, 531 (2018). Confronted with

---

* The first is Ark. Code Ann. § 23-81-137.

> "A designated or named beneficiary of a life insurance policy or annuity contract: (1) Can be changed according to the terms of the life insurance policy or annuity contract; and (2) Cannot be changed in a will."

The second is Ark. Code Ann. § 28-25-111.

> "A testamentary change to a designated or named beneficiary of a life insurance policy or annuity contract is ineffective if the change is not made according to the terms of the life insurance policy or annuity contract."

–2–

these competing claims, ReliaStar sued everyone and interpleaded the policy proceeds. All the other potential beneficiaries except Amanda and Connie defaulted. Each of them seeks summary judgment based on these undisputed material facts. Under Arkansas law, who is Mark's designated beneficiary?

Amanda. Connie argues that Mark's codicil merely added beneficiaries; it did not change a beneficiary because Amanda remains among those who will benefit. The statutes on point must be strictly construed because they changed the common law. *Books-A-Million, Inc. v. Arkansas Painting & Specialties Co.*, 340 Ark. 467, 470, 10 S.W.3d 857, 859 (2000). So read, Connie continues, they do not apply. The Court is not persuaded. ReliaStar's policy required notice if Mark wanted to "name a new Beneficiary[.]" *Doc. 1 at 27*. He named six new ones, in addition to Amanda, in his second codicil. This was not a mere reallocation among the beneficiaries Mark had named to ReliaStar, which would present a closer call. Adding six beneficiaries was a change within the statutes' reach. Mark failed to give ReliaStar the notice required by the policy about that change. Ark. Code Ann. §§ 23-81-137(1) & (2) and 28-25-111. Amanda is entitled to summary judgment. Her motion, *Doc. 66*, is granted; and Connie's motion, *Doc. 47*, is denied.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____7 May 2026_____